IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-CV-01884 REB-MJW

MARY STRACKBEIN,

Plaintiff,

v.

REGIS UNIVERSITY,

Defendant.

---

**ANSWER TO COMPLAINT**

---

Defendant Regis University ("Regis") answers Plaintiff's Complaint as follows:

NATURE OF CLAIMS

1. Regis admits that Plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq*, ("ADEA"), but denies she is entitled to any relief or damages as a result of Regis' actions.

2. Regis admits that Plaintiff also purports to bring state claims for age discrimination and retaliation, but denies she is entitled to any relief or damages as a result of Regis' actions.

JURISDICTION

3. Regis admits only that jurisdiction and venue are proper in this Court, and denies the remaining allegation in paragraph 3.

PARTIES

4. Upon information and belief, Regis admits that Plaintiff is a Colorado resident, with a birth date of September 1, 1950.

5. Regis admits the allegations in paragraph 5 of the Complaint.

6. Regis admits the allegations in paragraph 6 of the Complaint.

7. Regis states that the allegations contained in paragraph 7 of the Complaint call for a legal conclusion to which no response is required.

ADMINISTRATIVE PROCEDURES

8. Regis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and, therefore, denies the same.

9. Regis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the same.

ALLEGATIONS

10. Regis restates and realleges each and every response set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

11. Upon information and belief, Regis admits the allegations in paragraph 11 of the Complaint.

12. Regis admits the allegations in paragraph 12 of the Complaint.

13. Regis denies the allegations in paragraph 13 of the Complaint.

14. Regis denies the allegations in paragraph 14 of the Complaint.

15. Regis denies the allegations in paragraph 15 of the Complaint.

16. Regis denies the allegations in paragraph 16 of the Complaint.

17. Regis denies the allegations in paragraph 17 of the Complaint.

18. Regis denies the allegations in paragraph 18 of the Complaint.

19. Regis denies the allegations in paragraph 19 of the Complaint.

20. Regis denies the allegations in paragraph 20 of the Complaint.

21. Regis denies the allegations in paragraph 21 of the Complaint.

22. Regis denies the allegations in paragraph 22 of the Complaint.

23. Regis denies the allegations in paragraph 23 of the Complaint.

24. Regis denies the allegations in paragraph 24 of the Complaint.

25. Regis denies the allegations in paragraph 25 of the Complaint.

26. Regis restates and realleges each and every response set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

## FIRST CLAIM FOR RELIEF

27. Regis denies the allegations in paragraph 27 of the Complaint.

## SECOND CLAIM FOR RELIEF

28. Regis denies the allegations in paragraph 28 of the Complaint.

29. Regis denies all allegations not admitted herein.

30. Regis denies that Plaintiff has suffered any damages as a result of its actions, and denies that Plaintiff is entitled to any damages, including back pay, front pay or any other compensation, liquidated and compensatory damages, punitive damages, costs, fees, interest, or any other relief requested in the Prayer and Jury Demand of the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Regis upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that they involve transactions or events, or seek damages for periods outside the applicable limitations period.

## THIRD DEFENSE

Regis' actions relating to Plaintiff were based on reasonable, lawful, and fully justified factors.

## FOURTH DEFENSE

All claims under the ADEA and any relative state or local law that were not subject to a timely charge filed with the appropriate administrative agency, with respect to which no investigation or conciliation effort has been made, or which were not made the subject of a timely civil action, are barred.

## FIFTH DEFENSE

Regis based all employment decisions concerning Plaintiff on reasonable and legitimate non-discriminatory factors.

## SIXTH DEFENSE

Regis took affirmative measures to provide a workplace free of discrimination and, therefore, Plaintiff's claims for punitive damages are barred.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent she failed to mitigate her damages.

**EIGHTH DEFENSE**

To the extent that distinction were made between Plaintiff and any other employee, all such distinctions were based on reasonable factors other than Plaintiff's age, and not for any unlawful reason.

**NINTH DEFENSE**

If the Plaintiff has suffered, or will suffer, any damages, those damages will result from her own conduct, and not the result of any conduct by Regis.

**TENTH DEFENSE**

Plaintiff's conduct bars, estops, and/or waives the asserted claims, and any alleged damages were caused, in whole or in part, by persons for whom Regis is not legally liable and cannot be held responsible including, but not limited to, Plaintiff.

**ELEVENTH DEFENSE**

At all times, Plaintiff was an at-will employee of Regis.

**TWELFTH DEFENSE**

Plaintiff's course of conduct during her employment with Regis constitutes a waiver of the claims asserted in her Complaint.

**THIRTEENTH DEFENSE**

Plaintiff's retaliation claim is barred by the lack of protected activity or opposition, any adverse employment action, or any casual nexus.

**FOURTEENTH DEFENSE**

One or more of the Plaintiff's claims lacks substantial justification, entitling Regis to an award of its attorney fees and costs.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, Regis University, asks that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, award to Regis its costs, expenses, and reasonable attorneys' fees expended herein, and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated this 23rd day of September, 2008.

FISHER & PHILLIPS LLP

*/s/ Todd A. Fredrickson*

Todd A. Fredrickson
Co. Bar No.: 20810
Danielle S. Urban
Co. Bar No.: 34160
1999 Broadway, Suite 3300
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
tfredrickson@laborlawyers.com
durban@laborlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2008, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John R. Olsen, Esq.
OLSEN AND BROWN, L.L.C.
8362 Greenwood Drive
Niwot, CO 80503
Telephone: 303.652.1133

*<u>/s/ Todd A. Fredrickson</u>*
Todd A. Fredrickson
Danielle S. Urban
FISHER & PHILLIPS LLP
1999 Broadway, Suite 3300
Denver, Colorado 80202
Phone: (303) 303-218-3650
Fax: (303) 303-218-3651